STATEMENT BY THE COURT.
This appeal is prosecuted by appellants from a decree denying them the right as assignee to the foreclosure of a mortgage on certain stock included therein.
It appears from the statement of facts that appellants leased to appellee, Gibbs, some lands in Lonoke County for the year 1930 for a rental of one-fourth of the cotton and cotton seed produced on the land and $10 per acre on land planted in other crops. The Bank of England furnished Gibbs $1,000 in money with which to make the crop, taking his note therefor dated February 24, 1930, which was secured by a mortgage to the bank upon the debtor's crop, mules and other personal property set out and described in the complaint. Plaintiff was require to waive his landlord's lien upon the crops in the bank's favor. Appellants furnished fertilizer to the amount of $153.96, which was used in the production of the crop, and the amount of the rental was $98, making a total due from Gibbs on January 1, 1931, of $251.96, which was unpaid; and it was alleged that that amount was a lien upon the crops produced by Gibbs subject to the bank's lien. The bank made additional loans to Gibbs under its mortgage amounting to $1,100, a total of $2,225, including interest due from Gibbs to the bank. Gibbs paid the bank $1,148.04 not realized from the crops produced on the land and $825 on his indebtedness realized from the sale of cotton and cotton seed produced thereon. Appellants on January 9, 1931, paid the balance due on the mortgage, $252.65, which was assigned by the bank to them together with a transfer of the $1,000 note showing such balance.
Appellee admitted that appellants had a lien upon all personal property covered by the mortgage to the bank for $252.65, the balance due on the mortgage at the time of its transfer, which he tendered in court, and $10 additional, the agreed value of the cotton seed and corn raised on appellant's land still in the possession of the appellee and subject to the lien. Appellee denied appellant's right to any lien upon the *Page 203 
mules and other personal property, other than the crops, covered by the mortgage to pay the indebtedness of $251.96 due from him to appellants.
The mortgage is not set out in the abstract.
The court found the appellee, Gibbs, justly indebted to the appellants in the sum of $241.96 for fertilizer and rental due on January 1, 1931, with interest, but held that the judgment constituted no lien upon the personal property included in the defendant's mortgage to the bank dated February 24, 1930, and, Gibbs having paid into the registry of the court the sum of $252.65, the balance due under the mortgage to the bank with interest, which was assigned to appellants by the bank on the 9th of January, 1931, thereby fully discharged the note and all indebtedness secured by the mortgage to the bank, ordered such mortgage canceled and decreed accordingly, from which decree this appeal is prosecuted.
(after stating the facts). It is conceded that the balance of the indebtedness due to the Bank of England for supplies furnished appellee was only $252.65 at the time of the purchase by an assignment of the crop mortgage to appellants, and, such being the case, in the absence of any special provision in the mortgage that might authorize its being a security for any other sum or indebtedness, the tender of that amount to the assignee by the mortgage debtor and its payment into the court completed the satisfaction of the mortgage and discharged the lien thereon, as the court correctly held. There can be no question of subrogation to the rights of the mortgagee or marshaling of assets under the circumstances of this case that would permit the assignee of the mortgage to recover any more, or foreclose the mortgage for a greater or different amount, than would have satisfied it by payment to the mortgagee bank before such transfer, and the court correctly held the mortgage was satisfied and could not constitute a lien in the *Page 204 
hands of the assignee upon property included in the mortgage other than the crops, etc.
The decree is affirmed.